IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GUY, | No. C 12-06301 EJD (PR) |
| Plaintiff, | ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |
| v. | |
| W. BAPTISTA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner at Corcoran State Prison, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. On May 2, 2013, the Court dismissed the amended complaint with leave to amend. (See Docket No. 12.) Plaintiff has filed a second amended complaint ("SAC"). (Docket No. 13.)

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious,

fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that while he was incarcerated at Pelican Bay State Prison on April 21, 2011, he was escorted back to his cell from the shower by Defendant Correctional Officers W. Baptisa and K. Richcreek. Plaintiff claims that when he entered his cell, Defendant Baptista "forcefully snatche[d] me from my cell and Brutally Slammed me to the ground for no apparent reason that caused me to suffer facial injuries bleeding from my lips and swollen right knee." (SAC at 3.) Defendant Richcreek helped hold Plaintiff down. Plaintiff claims that his injuries from the incident require that he use a walker and wheelchair. (Id. at 4.) Liberally construed, Plaintiff's allegations are sufficient to state a claim of excessive force in violation of the Eighth Amendment.

Plaintiff names W. Reed, A Pepiot, L. Johnson, H. Adams and M. Shrewsberry as Defendants in this action. Plaintiff claims that Reed was the control officer at the time of the incident, Shrewsberry took photographs of his injuries, Johnson was the responding sergeant to the incident, and Pepiot interviewed Plaintiff for the appeal inquiry. (SAC at 3.) However, none of these facts, even liberally construed, indicates any wrongdoing on the part of these Defendants. Accordingly, any claims against them are DISMISSED from this action for failure to state a claim upon which relief may be granted.

///

Order of Service
G:\PRO-SE\EJD\CR.12\06301Guy_svc.wpd         2

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second amended complaint, (Docket No. 13), all attachments thereto, and a copy of this order upon **Defendants W. Baptista** and **K. Richcreek** at **Pelican Bay State Prison** (P.O. Box 7000, Crescent City, CA 95531-7000). The Clerk shall also mail a copy of this Order to Plaintiff.

The Clerk shall terminate all other defendants from this action.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the second amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **fifty-six (56) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **fifty-six (56) days** from the date on which the request for waiver was sent or **twenty-one (21) days** from the date the waiver form is filed, whichever is later.

3. No later than **fifty-six (56) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion

with respect to the claims in the second amended complaint found to be cognizable above.

      a.    If Defendants elect to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003). **The Ninth Circuit has held that Plaintiff must be provided with the appropriate warning and notice under Wyatt concurrently with Defendants' motion to dismiss. See Woods v. Carey, Nos. 09-15548 & 09-16113, slip op. 7871, 7874 (9th Cir. July 6, 2012).**

      b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

      a.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods, Nos. 09-15548 & 09-16113, slip op. at 7874.**

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable

Order of Service
G:\PRO-SE\EJD\CR.12\06301Guy_svc.wpd     4

issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    5.    Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    7.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    9.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    10.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: 6/24/2013

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM GUY,

        Plaintiff,

  v.

W. BAPTISTA, et al.,

        Defendants.

Case Number: CV12-06301 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 6/25/2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William Guy C-53829
Corcoran State Prison
P. O. Box 3461
Corcoran, CA 93212

Dated: 6/25/2013

Richard W. Wieking, Clerk
/s/By: Elizabeth Garcia, Deputy Clerk