United States District Court
Northern District of California

1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7     WILLIAM GUY,                                Case No.   12-cv-06301-JD
                        Plaintiff,
8
            v.
9                                                 ORDER DENYING DEFENDANTS'
                                                  MOTION FOR SUMMARY
10    W. BAPTISTA, et al.,                         JUDGMENT; STAY AND REFERRAL
                                                  TO MEDIATION
                        Defendants.
11                                                Re: Dkt. No. 41

12

13          Plaintiff, a state prisoner proceeding pro se, has brought a civil rights action under 42

14    U.S.C. § 1983.  Plaintiff alleges that defendant correctional officers Baptista and Richcreek used

15    excessive force against him in violation of the Eighth Amendment.  Defendants have moved for

16    summary judgment.  The motion is denied.

17    I.    MOTION FOR SUMMARY JUDGMENT

18          A.  Factual Background

19          On April 21, 2011, plaintiff was incarcerated at Pelican Bay State Prison ("PBSP").

20    Motion for Summary Judgment ("MSJ") at 2.  Defendants Baptista and Richcreek were

21    correctional officers at PBSP at that time.  *Id*.  Defendants state that on April 21, 2011, they

22    arrived at the shower area to escort plaintiff back to his cell, when plaintiff exclaimed, "fuck these

23    pigs!"  *Id*.  Defendants took plaintiff out of the shower and began escorting him back to his cell.

24    *Id*.  While walking back to his cell Baptista placed his hand on plaintiff's shoulder, but plaintiff

25    refused to cooperate and moved his upper body away from Baptista and turned toward them.  *Id*.

26    Baptista reminded plaintiff to face forward during escort and to refrain from turning towards staff.

27    *Id*.  Defendants state that while placing plaintiff in his cell, plaintiff jerked away, causing Baptista

28    to lose his balance.  *Id*. at 3.  Plaintiff turned towards Baptista.  *Id*.  Baptista ordered plaintiff to

1    turn around, but plaintiff lowered his head and charged Baptista.  *Id*.  Baptista grabbed plaintiff's

2    right arm and shoulder and took him to the ground.  *Id*.  Once on the ground, Richcreek placed his

3    hands on plaintiff's upper torso to control him, while Baptista held plaintiff's legs.  *Id*.

4           Plaintiff disputes defendants' account.  Plaintiff states that defendants were escorting him

5    to his cell and, unprovoked, Baptista grabbed him and forcefully slammed him to the ground for

6    no reason.  Docket No. 54 at 2.  Richcreek then held plaintiff on the ground.  *Id*.  Plaintiff states

7    that he suffered facial injuries to his lip and mouth, and a swollen knee.  *Id*.  He states that he

8    required a wheelchair or walker to move around.  Docket No. 13 at 4.  Plaintiff denies making the

9    statement, "fuck these pigs," and states he made no aggressive movement towards defendants.

10   Docket No. 54 at 3.

11        **B.  Standard of Review**

12          Summary judgment is proper where the pleadings, discovery, and affidavits show there is

13   "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

14   law."  *See* Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case.

15   *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is

16   genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving

17   party.  *See id*.

18          A court may grant summary judgment "against a party who fails to make a showing

19   sufficient to establish the existence of an element essential to that party's case, and on which that

20   party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an

21   essential element of the nonmoving party's case necessarily renders all other facts immaterial."

22   *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The moving party bears the initial

23   burden of identifying those portions of the record that demonstrate the absence of a genuine issue

24   of material fact.  *Id*.  The burden then shifts to the nonmoving party to "go beyond the pleadings

25   and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on

26   file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *See id*. at 324

27   (citing Fed. R. Civ. P. 56(e) (amended 2010)).

28          For purposes of summary judgment, the court must view the evidence in the light most

United States District Court
Northern District of California

2

1    favorable to the nonmoving party; if the evidence produced by the moving party conflicts with

2    evidence produced by the nonmoving party, the court must assume the truth of the evidence

3    submitted by the nonmoving party.  *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

4    The court's function on a summary judgment motion is not to make credibility determinations or

5    weigh conflicting evidence with respect to a disputed material fact.  *See T.W. Elec. Serv., Inc. v.*

6    *Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

7           "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes

8    cruel and unusual punishment forbidden by the Eighth Amendment."  *Whitley v. Albers*, 475 U.S.

9    312, 319 (1986) (omission in original) (internal quotation marks omitted).  Whenever prison

10   officials stand accused of using excessive force in violation of the Eighth Amendment, the

11   deliberate indifference standard is inappropriate.  *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).

12   Instead, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or

13   restore discipline, or maliciously and sadistically to cause harm.  *Id*. at 6-7; *Whitley*, 475 U.S. at

14   320-21.

15          In determining whether the use of force was for the purpose of maintaining or restoring

16   discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the

17   need for application of force, the relationship between that need and the amount of force used, the

18   extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any

19   efforts made to temper the severity of a forceful response.  *Hudson*, 503 U.S. at 7; *see also Spain*

20   *v. Procunier*, 600 F.2d 189, 195 (9th Cir. 1979) (guards may use force only in proportion to need

21   in each situation); *see, e.g., Furnace v. Sullivan*, 705 F.3d 1021, 1027 (9th Cir. 2013) (reversing

22   district court's grant of defendants' motion for summary judgment because plaintiff's evidence

23   that guards emptied two pepper spray canisters at him when he put his hands on his cell's food

24   port opening raised a disputed issue of material fact regarding whether he posed a threat that

25   justified defendants using pepper spray); *Watts v. McKinney*, 394 F.3d 710, 712-13 (9th Cir. 2005)

26   (finding that kicking the genitals of a prisoner who was on the ground and in handcuffs during an

27   interrogation was "near the top of the list" of acts taken with cruel and sadistic purpose to harm

28   another); *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (pepper spraying fighting inmates

     a second time after hearing coughing and gagging from prior spray was not malicious and sadistic

United States District Court
Northern District of California

3

for purpose of causing harm, where initial shot of spray had been blocked by inmates' bodies).

### C. Analysis

In this case, material facts remain in dispute regarding the incident, and it is decisive for the outcome of the case whether plaintiff's version of the facts or defendants' version is accurate. If plaintiff was slammed to the ground for no reason and then both defendants held him on the ground, a jury could find that these actions were for the malicious and sadistic purpose of causing harm and violated the Eighth Amendment. If plaintiff initiated the confrontation by jerking away and charging one of the defendants, who then took plaintiff to the ground, a jury could find there was no constitutional violation and defendants were maintaining or restoring order. Defendants also argue that plaintiff only suffered minimal injuries as a result of the incident. However, minor injuries will not defeat an excessive force claim. *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury). Viewing the evidence in the light most favorable to the plaintiff, defendants have failed to meet their burden of demonstrating that they are entitled to summary judgment.[1]

### D. Qualified Immunity

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The rule of "qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Defendants can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation. *Id*. at 205. A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (overruling the sequence of the

_____

[1] The Court has taken judicial notice of the PBSP use of force policy. Docket No. 43.

United States District Court
Northern District of California

two-part test that required determining a deprivation first and then deciding whether such right was clearly established, as required by *Saucier*).  The court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case.  *Pearson*, 555 U.S. at 236.

Plaintiff has adequately alleged a violation of a clearly established constitutional right, and a reasonable person in defendants' positions would not have believed that it was lawful to slam plaintiff to the ground for no apparent reason and then hold him on the ground.  The defendants are therefore not entitled to qualified immunity.

In light of the Court's denial of this motion, this case shall be referred to Magistrate Judge Vadas for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program.  The proceedings will take place within **one hundred and twenty days** of the date this order is filed. Magistrate Judge Vadas will coordinate a time and date for a settlement proceeding with all interested parties and/or their representatives and, within **five days** after the conclusion of the mediation proceedings, file with the Court a report of the proceedings.

## II.    CONCLUSION

1.  The motion for summary judgment (Docket No. 41) is **DENIED**.

2.  The case is referred to Magistrate Judge Vadas for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program.  The Clerk will send a copy of this order to Magistrate Judge Vadas in Eureka, California.  In view of the referral, this case is **STAYED** pending the settlement proceedings.

**IT IS SO ORDERED**.

Dated: March 9, 2015

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM GUY,

           Plaintiff,

       v.

W. BAPTISTA, et al.,

           Defendants.

Case No.  12-cv-06301-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/9/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William  Guy ID: C-53829
Salinas Valley State Prison
P. O. Box 1050
Soledad, CA 93960

Dated: 3/9/2015

Richard W. Wieking
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

6